## HALL v. BUTLER.

### (Circuit Court of Appeals, Sixth Circuit.    June 30, 1915.)

#### No. 2641.

**1. CORPORATIONS ⬅116—SALE OF STOCK—CONSTRUCTION OF CONTRACT—NEW CONTRACT.**

Where complainant originally purchased certain mining stock out of the proceeds of a note executed by him to defendant and discounted on the credit of defendant as indorser, with an agreement that defendant could pay the note and acquire the stock at the cost price, but subsequent dealings between the parties confused their rights to the stock, and thereafter complainant wrote defendant, demanding payment of interest on the note, and stating that the complainant had no right or interest in the stock and was in no way liable for the payment of the note, to which letter defendant agreed, the exchange of letters created a new contract between the parties, and the complainant thereafter had no right in the stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 493, 494, 496; Dec. Dig. ⬅116.]

**2. APPEAL AND ERROR ⬅719—ASSIGNMENTS OF ERROR—NECESSITY.**

In a suit to determine the rights of the parties arising out of a mining stock transaction, where defendant had tendered certain stock to complainant, who refused it, error, if any, in considering such tender, because it was made conditionally, where there was no allegation that complainant was thereby excused from accepting the tender, is not an error which will be noticed without an assignment of error, under Sixth Circuit Court of Appeals rule 11 (202 Fed. viii, 118 C. C. A. x), authorizing the court at its option to notice a plain error not assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. ⬅719.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Suit by Robert C. Hall against Joseph G. Butler, Jr. Decree for defendant, and complainant appeals. Affirmed.

A. O. Fording, of Pittsburgh, Pa., for appellant.
W. W. Zimmerman, of Youngstown, Ohio, for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and SANFORD, District Judge.

DENISON, Circuit Judge. Hall filed this bill in the court below against Butler to obtain an adjustment and settlement of their dealings concerning a block of mining stock. Butler answered, counterclaiming a balance due him, and on final hearing the court decreed that Hall should pay Butler about $1,315.

It was at first agreed between them that Hall should give his note to Butler for $10,000; that Butler should procure it to be discounted on his credit and send the money to Hall; that Hall should purchase therewith 100,000 shares of this stock; that Butler should have the optional right to pay the note himself and take the stock at this original price of 10 cents per share; but that until the exercise of such option Butler was accommodation indorser for Hall. The matter ran on through

several note renewals, and the relations between the parties became somewhat confused. Hall repeatedly urged Butler either to pay the note or assume the primary liability thereon and thereupon to take the stock; and, while Butler had not definitely agreed to do so, he had not refused. Thereupon the following correspondence ensued:

Hall to Butler:

"May 20, 1912.

"I herewith hand you statement of interest paid by me on my note for $10,000 which you discounted with your collateral to raise funds to pay 100,-000 shares Tonopah Merger Mining Company stock, which notes were renewed from time to time; the total amount of interest paid by me being $1,205, interest thereon being $80.19, making a total of $1,285.19, due me this date, for which you will please hand me your note at 4 months drawn with interest, this being your obligation.

"In reference to my note of $10,000, maturing June 15th, it is hereby understood between us that you assumed full liability for the payment of said note. I am willing, however, to renew same from time to time as you may request, or you may continue to secure its discount for your convenience; it being understood, however, that I have no right nor title to any part of the 100,000 shares of Tonopah Merger stock and am in no way liable for the payment of the $10,000 note."

Butler to Hall:

"May 21, 1912.

"I have before me your letter of the 20th, handed to me yesterday. The same is entirely satisfactory. I am inclosing note, duly signed, for $1,285.19."

[1] We are satisfied that these letters make a complete contract, and that from this time forward the stock belonged to Butler, without any remaining interest in Hall, and the duty to pay the principal note and the interest note became absolutely fixed upon Butler. No here proved later hesitation or default on his part, either in taking care of the note or in their subsequent dealings concerning the stock, could restore any confusion of interest or any common interest which may have existed before the exchange of these letters; nor could such default or such conduct support the rescission which Hall claims he later made. There was neither fraud nor mistake. It results that Hall had nothing to protect by the filing of his bill; and it was rightly dismissed.

During the next two months after their May contract, the parties had dealings regarding 15,000 shares, parcel of the 100,000, and 5,000 shares, parcel of the 15,000. From these later dealings resulted the balance found by the trial court in Butler's favor.

[2] The record suggests the question whether Hall might be entitled to damages against Butler for failure to deliver the 5,000 shares as agreed; but Hall refused a tender thereof when it was made, and perhaps preferred to adhere to his claim of an interest in the main body of the stock rather than to accept a clearer right in the parcel. If the tender was made under conditions which excused Hall from accepting, there is no such claim in the bill, and there is no assignment of error raising the question. If there was any error—which we do not intend to intimate—it is not of such character that we ought to notice it without assignment, under rule 11 (202 Fed. viii, 118 C. C. A. x). City of Memphis v. St. Louis Co., 183 Fed. 529, 531, 106 C. C. A. 75.

The decree is in all respects affirmed.